IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT COURT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARGRET CLARK : | Civil Action No.: 1:16-cv-1157 |
| 1425 CHAPEL DR. : | |
| YORK PA 17404 : | Judge: |
| : | |
| Plaintiff, : | |
| -vs- : | |
| : | |
| JEREMY GOTWALS : | |
| 231 WEST 4TH STREET APT. 707 : | |
| CINCINNATI, OH 45202 : | |
| : | |
| and, : | |
| : | |
| GOTWALS MEDIA GROUP, LLC : | |
| c/o Jeremy Gotwals : | |
| 231 WEST 4TH STREET APT. 707 : | |
| CINCINNATI, OH 45202 : | |
| : | |
| and, : | |
| : | |
| HOLON PUBLISHERS : | |
| 312 WALNUT ST #16 : | |
| CINCINNATI, OH 45202 : | |
| : | |
| Defendants. : | |

**COMPLAINT SEEKING INJUNCTIVE RELIEF AND DAMAGES
WITH JURY DEMAND**

Plaintiff Margret Clark ("Ms. Clark") alleges the following in her Complaint against Defendant Jeremy Gotwals, Defendant Gotwals Media Group and Defendant Holon Publishers (collectively "Defendants"):

### I.  PARTIES

1. Plaintiff Margret Clark is citizen of Pennsylvania.
2. Defendant Jeremy Gotwals is a citizen of Ohio.
3. Defendant Gotwals Media Group is an Ohio Limited Liability Company.

1

4. Holon Publishers is an unregistered company doing business in Ohio.

## II.   JURISDICTION

5. Plaintiff is seeking damages and injunctive relief for copyright infringement under the copyright act, 17 U.S.C. § 101.
6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, in that this is a civil action involving copyright infringement.
7. This court has personal jurisdiction over Defendants because they are doing business in the state of Ohio, and the infringement is taking place in Ohio.
8. This Court has jurisdiction of the remaining Counts pursuant to 28 U.S.C. § 1367 on the grounds that they are so related to the Counts over which the Court has subject matter jurisdiction that they form part of the same case or controversy.

## III.   VENUE

9. Venue is proper in the Southern District of Ohio, Western Division, under 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to these claims occurred in this District and Division.
10. Venue is also proper in the Southern District of Ohio, Western Division, under 28 U.S.C. § 1391(b) because Defendants are domiciled in Cincinnati Ohio.

## IV.   FACTS

11. Ms. Clark wrote a book titled: *"I Left My Heart in Harlem and He made it Big in Hollywood"* ("Book").
12. This Book is an original work.
13. This Book was copyrighted on September 27, 2012. (Exhibit A).
14. Ms. Clark contacted Defendants in an attempt to negotiate a publishing agreement.
15. Defendants and Ms. Clark reached an agreement around January of 2012.
16. Defendants were supposed to pay Ms. Clark seventy percent (70%) of the proceeds for each book sold.
17. Defendants served as a publisher and they were to receive thirty percent (30%) of the profits from selling Ms. Clark's Book.
18. Defendants have failed to pay Ms. Clark anything for books sold in the past five years.

19. In fact, Defendants won't even provide Ms. Clark with information on how many books were sold.

## V. CLAIMS FOR RELIEF
### Count I- Injunctive Relief
### (17 U.S.C. § 502)

20. Ms. Clark restates each and every paragraph.
21. Ms. Clark requests this court to enjoin Defendants from profiting from her Copyrighted material, withholding her profit, and/or continuing to convert and spend her profit.

### Count II- Infringement of Copyright
### (17 U.S.C.A. § 501)

22. Ms. Clark restates each and every paragraph.
23. Ms. Clark's book was properly issued a copyright in 2012. (Exhibit A).
24. Defendants and Ms. Clark reached an agreement, which Defendant is to pay Ms. Clark 70% of the profits for each book sold.
25. Defendants have failed to do so.
26. Defendants are using Ms. Clark's copyright and earning profits from the use of her copyright.
27. This profit is not permitted within the publishing agreement.
28. Defendants should not receive 100% of profits for books sold without paying Ms. Clark.
29. Ms. Clark demands actual damages, punitive damages, attorney fees, and all costs.

### Count III-Breach of Contract

30. Ms. Clark restates each and every paragraph.
31. Ms. Clark and Defendants entered into a contract for Defendants to publish Ms. Clark's book.
32. In consideration of their publishing duties, Defendants were to receive only 30 percent of profit for each book sold.
33. Ms. Clark has performed her contractual duties.

34. Defendants have failed to perform their contractual duties to pay Ms. Clark.
35. Thus, Defendants have breached their contract with Ms. Clark.
36. Ms. Clark has suffered damages from Defendants' breach of contract.

### Count IV-Conversion

37. Ms. Clark restates each and every paragraph.
38. Defendants are withholding money belonging to Ms. Clark.
39. Defendants are acting willfully, maliciously, and in conscious disregard for Ms. Clark's rights.
40. Defendants are unlawfully exercising dominion and control over Ms. Clark's in a manner depriving her of ownership.
41. Defendants are liable for conversion.
42. Ms. Clark has suffered damages from Defendants' conversion.

### Count V-Unjust Enrichment

43. Ms. Clark restates each and every paragraph.
44. Ms. Clark's book has conferred a financial benefit to Defendants.
45. Defendants have continued to withhold Ms. Clark's percentage of the profits.
46. Defendants have converted her profits from the book's sales.
47. Defendants are not entitled to retain these benefits without compensating Ms. Clark.

### Count VI-Declaratory Relief

48. Ms. Clark restates each and every paragraph.
49. Ms. Clark has not received monies owed for the sale of her copyrighted material.
50. Ms. Clark requests this court to declare there was a publishing agreement that Defendants have breached.
51. Ms. Clark requests this court to declare Defendants are infringing on her copyright.

**WHEREFORE,** Plaintiff Clark demands judgment against Defendants and damages as follows:

    A. Actual damages proven at trial;
    B. Statutory Damages;

C. Compensatory damages;

D. Actual and statutory interest;

E. Punitive damages;

F. Litigation expenses and court cost;

G. Attorney fees;

H. Equitable relief; and

I. Other relief this Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury on triable issues.

Respectfully Submitted,

/s/ Matthew Miller Novak

Matt Miller-Novak (0091402)
Attorney for Plaintiff
GODBEY LAW
708 Walnut Street, Suite
Cincinnati, Ohio 45202
P: 513-241-6650
F: 513-241-6649
E: Matt@godbeylaw.com

5