UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**Margaret Clark** ,        :        Case No. **1:16cv1157**

        :

        Plaintiff(s),        :        District Judge **Black**

        :        Magistrate Judge _____

vs.        :

        :        RULE 26(f) REPORT OF PARTIES

**Jeremy Gotwals, et al.** ,        :        (to be filed not later than seven

        :        days prior to the preliminary pretrial

        Defendant(s).        :        conference)

1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **4/4/2017** ,

and was attended by:

**Matt Miller-Novak** , counsel for plaintiff(s) **Margaret Clark** ,

_____ , counsel for plaintiff(s) _____ ,

_____ , counsel for plaintiff(s) _____ ,

**J. Thomas Hodges** , counsel for defendant(s) **Jeremy Gotwals** ,

**J. Thomas Hodges** , counsel for defendant(s) **Gotwals Media Group, LLC** ,

**J. Thomas Hodges** , counsel for defendant(s) **Holon Publishers** ,

_____ , counsel for defendant(s) _____ ,

2. The parties:

_____ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

✔ will exchange such disclosures by May 12, 2017 _____.

_____ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

✔ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

_____ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

_____ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

May 12, 2017 _____

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: August 4, 2017 _____

6. Recommended discovery plan:

   a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial: records of book sales and other relevant communications and agreements. _____

   _____

   _____

   _____

2

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?
none

c. Additional recommended limitations on discovery:

d. Recommended date for the disclosure of lay witnesses:

August 4, 2017

e. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).
There could potentially be experts related to damages

f. Recommended date for disclosure and report of Plaintiff(s) expert(s):

August 4, 2017

3

g.  Recommended date for disclosure and report of Defendant(s) expert(s):

September 4, 2017

h.  Recommended date for disclosure and report of rebuttal expert(s):

September 4, 2017

i.  Discovery of Electronically Stored Information:  The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

✔ Yes

____ No

    i.  The parties have electronically stored information in the following formats:

stored information on web portals from book sales and emails

    ii.  The case presents the following issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced:

j.  Claims of Privilege or Protection.  The parties have discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

✔ Yes

____ No

    i.    The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

no special issues.

_____

_____

    ii.    Have the parties agreed on a procedure to assert such claims **AFTER** production?

_____ No

__✔__ Yes

_____ Yes, and the parties ask that the Court include their agreement in an order.

7. Recommended discovery cut-off date: **November 4, 2017**

8. Recommended dispositive motion date: **December 4, 2017**

9. Recommended date for status conference (if any): _____

10. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:
**To be determined.**

_____

11. Recommended date for a final pretrial conference: **January 2018**

12. Has a settlement demand been made? **No** A response? **No**

Date by which a settlement demand can be made: **Upon Discovery**

Date by which a response can be made: **Upon Discovery**

13. Other matters pertinent to the scheduling or management of this litigation:
**none**

_____

Signatures:

Attorney(s) for Plaintiff(s):                    Attorney(s) for Defendants(s):


Matt Miller Novak                                J. Thomas Hodges
Ohio Bar # 0091402                               Ohio Bar # 0082511
Trial Attorney for Plaintiff                     Trial Attorney for Defendants



Ohio Bar # _____                       Ohio Bar # _____
Trial Attorney for _____               Trial Attorney for _____


Ohio Bar # _____                       Ohio Bar # _____
Trial Attorney for _____               Trial Attorney for _____


Ohio Bar # _____                       Ohio Bar # _____
Trial Attorney for _____               Trial Attorney for _____


Ohio Bar # _____                       Ohio Bar # _____
Trial Attorney for _____               Trial Attorney for _____

Rev. 12/2016

6